UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAMIAN VASQUEZ,

        Plaintiff,                     Case No. 1:13-CV-719

v.                                   HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation (R & R), issued on May 14, 2014, which recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff has raised three objections to the R & R. First, Plaintiff argues that the magistrate judge erred in finding that the ALJ properly followed the treating physician rule. The ALJ noted that there was a dearth of medical evidence to support the opinions at issue, and that Plaintiff had improved with medication. The ALJ further explained that the opinions were inconsistent with Plaintiff's reported social activities, and that they assumed an IQ level below that revealed by a more recent IQ test. Based on those factors, the ALJ afforded the opinions little weight. That conclusion is supported by substantial evidence.

Plaintiff next objects to the magistrate judge's conclusion that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence. The ALJ found that Plaintiff was not credible as to the intensity, persistence, and limiting effects of his symptoms. Plaintiff's testimony was inconsistent with his description of his activities, which included not just standard activities of daily living, but also working out regularly at a gym, playing basketball, kickboxing, and attending church. Moreover, the record indicates that Plaintiff's symptoms improve when he takes his prescribed medication. Accordingly, the record provides substantial evidence to support the ALJ's conclusion.

Finally, Plaintiff argues that the ALJ's hypothetical questions to the vocational expert were improper. Because the RFC finding was supported by substantial evidence, it was proper for the ALJ to pose a hypothetical question that incorporated that RFC to the vocational expert. Furthermore, the RFC took into account Plaintiff's limitations related to social functioning and concentration, persistence, or pace by providing that Plaintiff could be required only to carry out simple tasks and follow simple instructions, and that he required less frequent superficial contact with co-workers and the public. The ALJ's hypothetical to the vocational expert included those limitations. Thus, the ALJ's hypothetical to the vocational expert was proper.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 14, 2014 (docket # 14), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.

Dated: July 18, 2014  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE